Filed 10/1/20  In re V.J. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re V.J., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B304006 (Super. Ct. No. TJ23183) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>V.J.,<br><br>    Defendant and Appellant. | |

In a Juvenile Petition (Welf. & Inst. Code, § 602), appellant V.J. was alleged to have aided and abetted in the commission of attempted second degree robbery (Pen. Code, §§ 211, 664) and misdemeanor battery on school or park property (§ 243.2, subd. (a)).  The petition included a determination of appellant's eligibility for deferred entry of judgment.  Appellant denied the allegations.  Following an evidentiary hearing, the juvenile court

sustained the petition and, as recommended by the probation officer, placed appellant home on probation.[1]  Appellant filed a timely notice of appeal.

The victim attended Diego Rivera Learning Complex in Los Angeles with appellant.  Appellant, his older brother J.J., and two other boys confronted the victim as he walked through nearby Bethune Park on the morning of December 10, 2018.  At appellant and J.J.'s joint trial, the victim testified he recognized the brothers as attending the same school.

J.J., struck the victim when he approached.  Victim shielded his face and crouched, at which point all four boys began hitting him.  Victim testified he did not see appellant hit him but remembered seeing his feet when the four boys were gathered around him.  One of the other two boys encouraged appellant and J.J. to leave the victim alone but the attack continued.  J.J. tried without success to take appellant's wallet and necklace, then left with the other three boys.

The court found appellant aided and abetted J.J. because appellant's presence in the group increased the "fear or force" used to commit the crime.  In addition, the court found appellant facilitated or encouraged J.J. when he did not withdraw from the attack after one of the boys told them to leave the victim alone.

We appointed counsel to represent appellant.  Counsel examined the record and filed an opening brief requesting the court independently review this case under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See *In re Kevin S.* (2003) 113 Cal.App.4th 97, 99 [*Wende* procedure applies in juvenile

---

[1] On the same date, Appellant admitted the charges set forth in an unrelated petition dated December 10, 2018 involving the theft of an automobile.  Those charges are not at issue here.

delinquency appeals].)  On June 3, 2020, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  No response has been received.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with her responsibilities and that no arguable issue exists.  (*Wende*, *supra*, 25 Cal.3d at p. 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The juvenile court's dispositional order is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P. J.

TANGEMAN, J.

3

Melissa N. Widdifield, Judge
Superior Court County of Los Angeles

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.